IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

**REDINA HAYSLETT,**

    Plaintiff,

v.

    CASE NO. _____

    JURY DEMANDED

**TYSON FOODS, INC. and its wholly owned subsidiary, THE HILLSHIRE BRANDS COMPANY,**

    Defendants.

**COMPLAINT AND REQUEST FOR INJUNCTIVE RELIEF**

    **COMES NOW** the Plaintiff, REDINA HAYSLETT, (hereinafter, "Plaintiff"), and states unto this Honorable Court as follows for her Complaint and Request for Injunctive Relief against the Defendants, TYSON FOODS, INC. and its wholly owned subsidiary, THE HILLSHIRE BRANDS COMPANY, (hereinafter, "Defendants").

    **I.**    **INTRODUCTION**

1. Plaintiff has sued the Defendants for violations of Tennessee's new Covid-19 Law which was enacted and became effective on November 12, 2021, and may be found at Tennessee Code Annotated §14-1-101 *et seq.* Defendants terminated/constructively terminated Plaintiff's employment in violation of this law. Plaintiff further asks for injunctive relief under Tennessee's new Covid law.

1

## II.   PARTIES, JURISDICTION, AND VENUE

2. Plaintiff is an adult citizen and resident of Obion County, Tennessee whose principal place of residence is 302 East Cheatham Street, Union City, Tennessee 38261.

3. Defendant Tyson Foods, Inc. is a for-profit Delaware corporation authorized to conduct business in the State of Tennessee, with its principal office located at 2210 Oaklawn Drive, Springdale, Arkansas 72762.  Defendant Tyson Foods, Inc. operates a plant located at 2000 Biffle Road, Newbern, Tennessee 38059, at which place it employed Plaintiff.  Defendant has no registered agent for service of process in Tennessee.  Service may be had on Defendant's Complex Manager, Stan Welch, at the Newbern location.

4. Defendant The Hillshire Brands Company is a for-profit Maryland corporation authorized to conduct business in the State of Tennessee, with its principal office located at 2200 W. Don Tyson Parkway # CP131, Springdale, Arkansas 72762. Defendant The Hillshire Brands Company operates a plant located at 2000 Biffle Road, Newbern, Tennessee 38059 at which place it employed Plaintiff.  Its registered agent for service of process is CT Corporation System, 300 Montvue Road, Knoxville, Tennessee 37919-5546.

5. Jurisdiction and venue are proper in this Honorable Court, as this is a "diversity jurisdiction" case and all, or substantially all, of the incidents of misconduct alleged herein occurred in Obion County, Tennessee.  This Court has "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. §1332(a).

## III.   FACTS

6. Defendants employed Plaintiff as a Packer/Scrapper at their Newbern, Tennessee plant. As a Packer/Scrapper, Plaintiff's duties entail working on a production line within Defendants' facility. Specifically, Plaintiff is responsible for packing patties within certain specifications, placing packed patties on the conveyor line, inspecting meat patties on the line to ensure department standards are met, and removing scraps from the conveyor line.

7. Plaintiff began working at Defendants' pork processing plant in Newbern, Tennessee in 1996 and has served there faithfully for the last 26 years.

8. Defendant Tyson Foods, Inc. purchased this plant several years ago. The plant was previously known as Jimmy Dean, Hillshire Farms, Sara Lee, and other names.

9. Plaintiff had perfect attendance during her years working for Defendants except for a few days off for a surgery in 2019.

10. On August 3, 2021, Defendants announced to all employees that as a condition of continuing employment and in the absence of documented and approved reasonable accommodations for disability or sincerely held religious beliefs, practices, or observances, all United States based Tyson employees would be required to be vaccinated against COVID-19 and to provide proof of vaccination.

11. Plaintiff and other similarly situated employees were required to provide proof of vaccination by November 1, 2021.

12. On August 10, 2021, Defendants distributed a "Frequently Asked Questions" document to employees explaining that they could request a religious or medical accommodation.

13. On August 30, 2021, Defendants distributed their "COVID-19 Mandatory Vaccination Policy for U.S. Employees" that reiterated the religious accommodations that would be available.

14. On September 3, 2021, Plaintiff submitted a religious accommodation request stating that her belief in the power of prayer, faith in Christ, religious freedom, and First Amendment rights prohibit her from receiving a vaccination for COVID-19. In that request she stated that she would be open to reasonable accommodations that did not involve taking a lengthy leave of absence from work.

15. Defendants responded to Plaintiff's request for religious accommodation with a determination that the only accommodation Defendants could give Plaintiff was an unpaid leave of absence from work for a period of time of up to one year. The leave of absence was to begin on November 1, 2021.

16. Defendants instructed Plaintiff that her alternatives were to: a) get the COVID vaccine; b) go on unpaid leave of absence; or c) be terminated.

17. On October 25, 2021, Plaintiff sent a letter to Defendants' Human Resources Department requesting that she not be placed on unpaid leave or removed from her position as it was her understanding that vaccinated individuals can also spread the COVID-19 virus. In that letter, Plaintiff requested that she be allowed to come to work following all CDC protective protocols. Defendants refused her request.

18. As Plaintiff had no other viable choice, she began her unpaid leave of absence on November 1, 2021.

19. During Plaintiff's unpaid leave of absence, she has contacted Defendants several times insisting that Plaintiff should be allowed to come back to work. She has explained that her work environment is not within twelve feet of other employees.

20. Beginning on May 3, 2022, and continuing through May 24, 2022, Plaintiff continually contacted Defendants' Human Resources Department insisting that she be allowed to return to work. During these communications with Defendants' Human Resources Department, Plaintiff notified Defendants that she was electing to end her unpaid leave of absence and return to work.

21. Defendants unequivocally instructed Plaintiff that she would not be allowed to return to work without having the COVID-19 vaccination and that she would continue to be locked out of the facility.

22. Defendants have discriminated against Plaintiff in violation of Tennessee's COVID-19 Law, have caused her loss of income, and have either terminated her employment or constructively terminated her employment.

## IV.    CAUSES OF ACTION

### VIOLATION OF TENNESSEE COVID LAW

23. Plaintiff hereby incorporates each paragraph above by reference as if fully stated herein.

24. Tennessee Code Annotated §14-1-101 *et seq.* makes it illegal for employers, like Defendants, to terminate, or otherwise discriminate, against an employee for not taking the Covid 19 vaccination.

25. Tennessee Code Annotated § 14-2-102 specifically states in Section (a) that "A private business, governmental entity, school, or local education agency shall not compel or

otherwise take an adverse action against a person to compel the person to provide proof of vaccination if the person objects to receiving a COVID-19 vaccine for any reason."

26. Tennessee Code Annotated § 14-6-103 explicitly provides: "A person injured as a result of a violation of Chapter 2 of this title or §14-4-103 is entitled to maintain a private right of action for injunctive relief and to recover compensatory damages and reasonable attorney's fees against an alleged violator."

27. Tennessee Code Annotated § 14-1-101(1) provides that an "'Adverse action' means to: (A) Discriminate against a person by denying the person employment, privileges, credit, insurance, access, products, services, or other benefits; or (B) Discharge, threaten, or otherwise discriminate against an employee in any manner that affects the employee's employment, including compensation, terms, conditions, locations, rights, immunities, promotions, or privileges."

28. Defendants are employers in accordance with Tennessee Code Annotated §14-1-101(6) which defines an "Employer" as "a person, private business, or governmental entity employing one (1) or more persons within this state;

29. Defendants terminated Plaintiff's employment in violation of Tennessee's new Covid 19 law and Plaintiff has suffered damages as a result.

### **INJUNCTIVE RELIEF**

30. Plaintiff hereby incorporates each and every paragraph above by reference, as if fully stated herein.

31. Because Defendants have violated Plaintiff's rights under Tennessee's new Covid 19 law, found at Tennessee Code Annotated §14-1-101 *et seq.,* Plaintiff respectfully asks for injunctive relief under Tennessee Code Annotated §14-6-103.

32. Specifically, Plaintiff requests that she be restored to her former position with all rights, benefits, and responsibilities that it entails.

33. Plaintiff further requests that she be compensated for her lost wages and other compensatory damages she has incurred as a result of her forced unpaid leave and termination.

## V.   DAMAGES

34. Plaintiff has been greatly damaged as a result of Defendants' actions. She has suffered, and will continue to suffer damage, including, but not limited to, loss of her professional and personal reputation, loss of income, loss of business opportunity, humiliation, degradation, and mental anguish.

35. Plaintiff seeks all compensatory damages, including, but not limited to, lost wages, lost earning capacity, emotional distress, and embarrassment. She also seeks her attorney fees, costs, both prejudgment and post-judgment interest, and any other damages allowable under applicable laws.

## VI.   PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, PLAINTIFF REQUESTS:

A. That Defendants answer this Complaint within the time period prescribed by law;

B. That Plaintiff be awarded back pay and front pay due to the forced unpaid leave and wrongful termination of her employment;

C. That Plaintiff be awarded damages of pain and suffering and/or humiliation/embarrassment, loss of reputation, loss of earning capacity, or other compensatory damages, any actual monetary losses occasioned by Defendants' actions,

and her reasonable attorney fees, expenses, and costs per applicable statutes in an amount to be determined by a jury;

D.  That Plaintiff be awarded pre-judgment and post-judgment interest;

E.  That Plaintiff be awarded punitive damages;

F.  That Plaintiff be granted injunctive relief which would restore her to her former position and compensate her for all losses;

G.  That a jury be empaneled to hear the issues in this cause; and

H.  That Plaintiff be awarded any other remedies and damages allowed by law, including but not limited to, injunction in accordance with Tennessee Code Annotated §14-1-101 *et seq.*, reinstatement, and other types of relief authorized by the applicable laws.

Respectfully submitted,

SPRAGINS, BARNETT & COBB, PLC


  /s/ Teresa A. Luna
TERESA A. LUNA (BPR #26447)
312 East Lafayette Street
Jackson, Tennessee 38301
Telephone: 731 424-0461
FAX:  731-424-0562
tluna@spraginslaw.com

ATTORNEYS FOR PLAINTIFF

## COST BOND

We stand as sureties for costs in this cause.

SPRAGINS, BARNETT & COBB, PLC


___/s/ Teresa A. Luna_____
TERESA A. LUNA