IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

**REDINA HAYSLETT,**

    Plaintiff,

v.                                                     CASE NO. 1:22-CV-01123-STA-jay

                                                              JURY DEMANDED

**TYSON FOODS, INC. and its wholly
owned subsidiary, THE HILLSHIRE
BRANDS COMPANY,**

    Defendants.

**MEMORANDUM IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT
ON THE TENNESSEE COVID-19 LAW CLAIM**

    **COMES NOW** the Plaintiff, REDINA HAYSLETT, (hereinafter, "Plaintiff or Ms. Hayslett"), by and through her counsel of record, and pursuant to Rule 56 of the Federal Rules of Civil Procedure, having filed her Motion for Partial Summary Judgment on the Tennessee COVID-19 Law claim, and hereby submits her Memorandum in Support of that Motion. Ms. Hayslett also contemporaneously files her Statement of Undisputed Facts and Exhibits thereto.

**SUMMARY OF ARGUMENT**

    Defendants Hillshire Brands and Tyson Foods, both of which are private businesses, have testified that they placed Redina Hayslett on over a year of unpaid leave when she refused to take the COVID-19 vaccination. The Tennessee COVID-19 Law, found at Title 14 of Tennessee Code Annotated prohibits an employer from taking adverse action against an employee for refusing to take the vaccine for any reason. This Court has previously construed Tennessee Code

Annotated §14-2-102(a) to require a person injured under the section to prove the following elements: "(1) that a 'private business' or other covered entity (2) compelled the person to provide 'proof of vaccination' or, in the alternative, took an 'adverse action' against the person to compel the person to provide 'proof of vaccination' (3) over the person's objection to receiving a COVID-19 vaccine *for any reason.*" Sadler v. Tyson Foods, Inc., 2022 U.S. Dist. 95529 at *9 (W.D. Tenn. May 27, 2022). Therefore, Ms. Hayslett is asking this Court to grant summary judgment on her Tennessee COVID-19 Law claim. It is undisputed that Defendants forced her to remain on unpaid leave from November 1, 2021 until November 11, 2022. However, as there is a dispute of fact concerning when and if Defendants have allowed Ms. Hayslett to return to work since November 11, 2022, she would further request that a trial be held on the issue of damages.

## FACTS

Redina Hayslett began working at Defendants' pork processing plant in Newbern, Tennessee in 1996 and served there until she was placed on unpaid leave in November 2021. [SUMF #5]. Ms. Hayslett was a packer/scrapper and was responsible for removing bad meat and sending the good meat down the conveyor belt. [SUMF #4]. Hillshire Brands Company is a private, for-profit Maryland corporation and is a wholly-owned subsidiary of Tyson Foods, which is also a private, for-profit corporation. [SUMF ##1-2]. Defendants purchased the pork processing plant in Newbern, Tennessee several years ago. [SUMF #3]. This plant was previously known by the name Sara Lee. *Id.*

On August 3, 2021, Defendants announced to all team members that as a condition of continued employment and in the absence of documented and approved reasonable accommodations for disability or sincerely held religious beliefs, practices, or observances, all

U.S. based Tyson team members would be required to be vaccinated against COVID-19 and to have provided proof of vaccination to Tyson on or before November 1, 2021.  [SUMF #6]. On August 10, 2021, Tyson distributed its Frequently Asked Questions (FAQ) document to team members addressing common questions to the Vaccination Policy. [SUMF #7]. Question # 3 reads: "**What happens if a team member refuses to be fully vaccinated by the date in the announcement?  In order to keep all of our team members safe, being fully vaccinated is a condition of employment.  If a team member has not been fully vaccinated by the applicable deadline (October 1, 2021 or Nov. 1, 2021),** *or been granted a religious or medical accommodation,* **their employment will be terminated.**" *Id.*

On August 30, 2021, Tyson distributed its COVID-19 Vaccination Policy for U.S. employees.  [SUMF #8]. That Policy explained that employees seeking a religious exemption were required to submit such requests to Human Resources. *Id.*  On September 3, 2021, Ms. Hayslett submitted a religious accommodation request, in which she claimed her belief in the power of prayer, faith in Christ, religious freedom, and First Amendment right to practice her religion prohibited her from receiving vaccination for COVID-19. [SUMF #9].  In that same request for religious accommodation submitted on September 3, 2021, Ms. Hayslett stated that she would be open to reasonable accommodations that did not involve taking a year's leave of absence from work. [SUMF #10].  Ms. Hayslett further explained to the Human Resources department that she would be agreeable to frequent testing and wearing a mask while at work. *Id.*  Defendants declined to allow her these accommodations stating that unpaid leave was the only accommodation that was possible. [SUMF #11]. Defendants instructed Ms. Hayslett that her only alternatives were to get the COVID-19 vaccination, go on unpaid leave, or be terminated.  [SUMF # 13].

On October 25, 2021, Ms. Hayslett sent a letter to Defendants' Human Resources Department requesting that she not be placed on unpaid leave or removed from her position as it was her understanding that vaccinated individuals can also spread the COVID-19 virus. In that same letter, she requested that she be allowed to come to work following all CDC protective protocols. [SUMF #14]. Defendants refused Ms. Haylett's request. [SUMF #15]. Therefore, the forced unpaid leave of absence began on November 1, 2021. *Id.*

During the unpaid leave, Ms. Hayslett made several requests to return to work, explaining that her work environment was not within twelve feet of other employees. [SUMF #16]. Between May 3, 2022 and May 24, 2022 Plaintiff repeatedly contacted the HR department again insisting that she be allowed to return to work. *Id.* During these calls, Ms. Hayslett informed the HR department that she was electing to end her unpaid leave of absence and return to work. [SUMF #17]. Defendants still refused to allow Ms. Hayslett to return to work without proof of the COVID-19 vaccination. *Id.*

Then, on October 27, 2022, Tyson addressed and sent a letter to Ms. Hayslett informing her that "Tyson has determined team members on an LOA+ due to the vaccine requirement may begin the process to return to work." [SUMF #18]. The letter further stated that "Tyson is extending you an unconditional offer to return to work in a similar job at the same or greater rate of pay." *Id.* Tyson employees were further instructed to email notification to Tyson by November 11, 2022, if they wished to accept an available job. [SUMF #19]. On November 11, 2022, Ms. Hayslett's counsel accepted that offer via letter sent by email to Defendants' counsel with a copy to the email address listed in Tyson's letter. [SUMF #20]. To date, Ms. Hayslett has

not been allowed to return to work at Defendants' Newbern facility. The parties dispute the facts surrounding her return to work.[1]

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate where there is no genuine issue as to any material fact, and the movant is entitled to judgment as a matter of law. *See Fed. R. Civ. P.* §56(a). "By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247-48, 106 S. Ct. 2505, 91 L.Ed. 2d 202 (1985). In other words, even if it is genuine, a factual dispute that is irrelevant or that is unnecessary under applicable law is of no value in defeating a motion for summary judgment. *See id.* at *248. A fact should be considered as "material" under Rule 56 "if its proof or disproof might affect the outcome of the suit under the governing substantive law." *Id.* "A genuine dispute of material fact exists 'if the evidence is such that a reasonable jury could return a verdict for the non-moving party.'" *Harris v. Klare,* 902 F.3d 630, 634-35 (6th Cir. 2018); *quoting Anderson* at *248.

A movant under Rule 56 has available to her two methods of succeeding on a motion for summary judgment. The movant may "identify those parts of the record which demonstrate the absence of any genuine issue of material fact." *Johnson v. Ford Motor Co.,* 13 F.4th 493, 502

---

[1] Defendants argue that they have offered Ms. Hayslett several positions. Ms. Hayslett argues that she has applied for several jobs and that Defendants have denied her those positions. Ms. Hayslett's counsel sent a letter to Defendants' counsel on March 27, 2023, concerning the discrepancies. [See Ex. 9 to 30(b)(6) dep. of Gooch; attached as EXHIBIT C]. However, to date, Defendants have not allowed Ms. Hayslett to return to work. Because of these disputes of fact, Ms. Hayslett requests that a trial be held on the damages issue.

5

(6th Cir. 2021). A movant may also meet her initial burden (to indicate the absence of a genuine issue of material fact) by showing – even without citing materials of record – that the nonmovant "cannot produce admissible evidence to support [a material] fact." *See Fed. R. Civ. P.* §56(c)(1)(B).

If the summary judgment movant meets that burden, then in response the non-moving party must set forth specific facts showing that there is a genuine issue for trial. *See Pittman v. Experience Info. Sols., Inc.,* 901 F.3d 619, 627-28 (6th Cir. 2018). The Court then determines whether sufficient evidence has been shown to make the issue of fact a proper jury question. *Hostettler v. Coll. of Wooster,* 895 F.3d 844, 852 (6th Cir. 2018). "The mere existence of a scintilla of evidence in support of the non-moving party's position will be insufficient to survive summary judgment; rather, there must be evidence upon which the jury could reasonably find for the non-moving party.'" *Rodgers v. Banks,* 344 F.3d 587, 595 (6th Cir. 2003); *quoting Anderson,* 477 U.S. at *252.

"In addition, if the moving party will bear the burden of persuasion at trial, then that party must support its motion with credible evidence that would entitle it to a directed verdict if not controverted at trial." *Timmer v. Michigan Dep't of Com.,* 104 F.3d 833,834 (6th Cir. 1997); *citing Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986). "There is no issue for trial . . . unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Street v. J.C. Bradford & Co.,* 886 F.2d 1472,1477 (6th Cir. 1989). "The central issue, therefore, is 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Shaheen v. Progressive Cas. Ins. Co.,* 673 Fed. Appx. 481, 484 (6th Cir. 2016). "When the moving party also bears the ultimate burden of persuasion, the movant's affidavits and other

evidence not only must show the absence of a material fact issue, they also must carry that burden." *Ely v. Dearborn Heights Sch. Dist. No. 7,* 150 F. Supp. 3d 842, 850 (E.D. Mich. 2015).

## **LAW AND ARGUMENT**

### A. TENNESSEE'S COVID-19 LAW

This Court recently ruled that "[t]he Tennessee General Assembly enacted Title 14 of the Tennessee Code Annotated, effective November 12, 2021, to create a number of protections related to COVID -19." *Mathews v. Tyson,* 2023 U.S. Dist. LEXIS 414 at *6 (W.D. Tenn. Jan. 3, 2023). Tennessee Code Annotated §14-2-102(a) prohibits a "private business, government entity, school, or local education agency" from "compel[ling] or otherwise tak[ing] an adverse action against a person to compel the person to provide proof of vaccination if the person objects to receiving a COVID-19 vaccine for any reason." *Tenn. Code Ann.* §14-2-102(a). This Court has also previously construed Tennessee Code Annotated §14-2-102(a) to require a person injured under the section to prove the following elements: "(1) that a 'private business' or other covered entity (2) compelled the person to provide 'proof of vaccination' or, in the alternative, took an 'adverse action' against the person to compel the person to provide 'proof of vaccination' (3) over the person's objection to receiving a COVID-19 vaccine *for any reason."* *Sadler v. Tyson Foods, Inc.,* 2022 U.S. Dist. 95529 at *9 (W.D. Tenn. May 27, 2022). This Court further held in *Sadler* that a "Defendant's decision to terminate Plaintiff's employment constitutes an 'adverse action.'" *Id.* at *10; *quoting Tenn. Code Ann.* §14-1-101(1)(B). In addition, it held that "Defendant took an 'adverse action' against Plaintiff to compel him to provide 'proof of vaccination,' that is, 'physical documentation or digital storage of a person's receipt of a COVID-19 vaccine.'" *Id.; quoting Tenn. Code Ann.* §14-1-101(16).

**B. JUDGMENT AS A MATTER OF LAW SHOULD BE GRANTED AS MS. HAYSLETT WOULD BE ENTITLED TO A DIRECTED VERDICT AT TRIAL.**

Because Ms. Hayslett is able to meet the elements of her claim under the Tennessee COVID-19 Law and Defendants cannot show sufficient evidence for a jury to return a verdict in their favor, judgment as a matter of law should be granted in favor of Ms. Hayslett.

**ELEMENT 1: Defendants are both considered a "private business" under Tenn. Code Ann. §14-1-101(16).**

Under Tennessee Code Annotated §14-1-101(16), a "private business" means "a person, sole proprietorship, corporation, limited liability company, partnership, trust, association, nonprofit organization . . ." *Tenn. Code Ann.* §14-1-101(16). The Hillshire Brands Company is a private, for-profit Maryland corporation authorized to conduct business in the State of Tennessee. [SUMF #1]. The Hillshire Brands Company is a corporation that is a wholly-owned subsidiary of Tyson Foods, Inc., which is also a for-profit corporation. [SUMF #2]. Therefore, both entities are corporations and fall within the meaning of a "private business" for Tennessee's COVID-19 Law.

**ELEMENT 2: Tyson and Hillshire Brands compelled Ms. Hayslett to show proof of vaccination and placed her on unpaid leave for a year because she would not vaccinate.[2]**

On August 3, 2021, Defendants announced to all team members that as a condition of continuing employment, all U.S.-based Tyson team members would be required to be vaccinated against COVID-19 and to have provided proof of vaccination to Tyson on or before November 1,

---

[2] As previously explained, in footnote 1, Ms. Hayslett has still not been allowed to return to work, but there is a dispute of facts over what positions have and have not been offered to her. However, there is no dispute that that she was forced to be on unpaid leave (or be terminated) from November 1, 2021 to November 11, 2022.

2021.[3]  [SUMF #6].  In a "Frequently Asked Questions" document distributed to its team members on August 10, 2021, Tyson explained that "being fully vaccinated is a condition of employment."  [SUMF #7].  That document further explained that "If a team member has not been fully vaccinated by the applicable deadline (October 1, 2021 or Nov. 1, 2021), or has been granted a religious or medical accommodation, their employment will be terminated."  [SUMF #7].  Defendants instructed Ms. Hayslett that her only alternatives were to get the COVID-19 vaccination, go on unpaid leave, or be terminated.  [SUMF #13].   When Ms. Hayslett refused to be vaccinated, Defendants placed her on unpaid leave for one year. [SUMF #15].  At the one-year mark, Ms. Hayslett asked to be reinstated to her same or similar job, but to this date, Defendants have not done so.[4]

### ELEMENT 3:    Mrs. Hayslett objected to receiving the COVID-19 vaccination for religious reasons.

Ms. Hayslett timely notified her employer that she would not be receiving the COVID-19 vaccine for religious reasons.  [SUMF ##9, 10, 11, 14].  Therefore, on November 1, 2021, Defendants placed Ms. Hayslett on unpaid leave of absence from November 1, 2021 to November 11, 2022.  [SUMF # 15].  This Court ruled on October 10, 2022 that "Defendants' decision to put Plaintiff on unpaid leave for up to a year easily satisfies the statute's expansive definition of an 'adverse action.'"  [See D.E. 17, Page ID 62].

During the unpaid leave, Ms. Hayslett made several requests to return to work, explaining that her work environment was not within twelve feet of other employees.  [

---

[3] For certain positions other than the one held by Ms. Hayslett, the dates varied.
[4] There is a dispute of facts as to what jobs Defendants have offered to Ms. Hayslett since November of 2022 and what jobs she has accepted.  Therefore, Ms. Hayslett is asking the Court for a ruling on her Tennessee COVID-19 Law claim but also realizes that the issue of damages must be left to the jury due to the dispute of facts.  Ms. Hayslett accepted a lesser paying job, (without the good benefits Defendants provided) in August 2022 at a nearby prison as a cook.

SUMF #16]. Between May 3, 2022 and May 24, 2022 Plaintiff repeatedly contacted the HR department again insisting that she be allowed to return to work. [SUMF #17]. During these calls, Ms. Hayslett informed the HR department that she was electing to end her unpaid leave of absence and return to work. [SUMF # 17] Defendants still refused to allow Ms. Hayslett to return to work without proof of the COVID-19 vaccination. [SUMF # 17].

    C. **AS THERE IS A DISPUTE OF FACTS OVER WHEN OR IF MS. HAYSLETT WAS ALLOWED TO RETURN TO WORK, THE ISSUE OF DAMAGES SHOULD BE LEFT TO THE JURY.**

On October 27, 2022, Tyson addressed and sent a letter to Ms. Hayslett informing her that "Tyson has determined team members on an LOA+ due to the vaccine requirement may begin the process to return to work." [SUMF #18]. The letter further stated that "Tyson is extending you an unconditional offer to return to work in a similar job at the same or greater rate of pay." [SUMF # 18]. Tyson employees were further instructed to email notification to Tyson by November 11, 2022, if they wished to accept an available job. [SUMF # 19]. On November 11, 2022, Ms. Hayslett's counsel accepted that offer via letter sent by email to Defendants' counsel with a copy to the email address listed in Tyson's letter. [SUMF # 20].

As previously explained, Ms. Hayslett asserts that she has accepted jobs that Defendants have offered her and has applied for several other jobs for which she is qualified. However, to date, Defendants have not allowed her to return to work. Defendants dispute these facts. Therefore, the issue of damages should be left to the jury.

## CONCLUSION

Because Ms. Hayslett can meet her burden to show that Defendants have violated the Tennessee COVID-19 Law and that she would be entitled to a directed verdict at trial, she

respectfully requests that this Honorable Court enter a judgment on her behalf concerning that claim. She further requests that the issue of damages be decided at the scheduled trial.[5]

Dated this 7th day of July, 2023.

Respectfully submitted,

SPRAGINS, BARNETT & COBB, PLC

/s/ Teresa A. Luna
TERESA A. LUNA (BPR #26447)
312 East Lafayette Street
Jackson, Tennessee 38301
Telephone: 731 424-0461
FAX:  731-424-0562
tluna@spraginslaw.com

ATTORNEYS FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

I hereby certify that on this date, the foregoing was electronically filed with the Clerk of Court using the CM/ECF system which was served on the following individual:

J. Gregory Grisham
1715 Aaron Brenner Drive, Suite 312
Memphis, TN 38120
ggrisham@fisherphillips.com

SPRAGINS, BARNETT & COBB, PLC

/s/ Teresa A. Luna
TERESA A. LUNA

---

[5] Ms. Hayslett also has a claim under Title VII for religious accommodation. As there are disputed facts at issue in the Title VII claim, she requests that it be heard at trial as well.