IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| REDINA HAYSLETT,<br><br>      Plaintiff,<br><br>v.<br><br>TYSON FOODS, INC., and its wholly owned subsidiary, THE HILLSHIRE BRANDS COMPANY,<br><br>      Defendants. | CIVIL ACTION NO. 1:22-CV-01123-STA-jay |

**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Defendants Tyson Foods, Inc. ("Tyson") and The Hillshire Brands Company (collectively referred to as "Defendants"), pursuant to Rule 56 of the Federal Rules of Civil Procedure and L.R. 56.1, hereby file their Motion for Summary Judgment and request that the Court enter an Order dismissing Plaintiff's Complaint with prejudice. In support of their Motion, Defendants state the following:

    1.    There is no genuine dispute of material fact, and Defendants are entitled to judgment in their favor as a matter of law on Plaintiff's religious discrimination claims under Title VII and Plaintiff's claim under Tenn. Code Ann. §14-1-101 *et seq* ("Tennessee COVID Law").

    2.    Plaintiff's Title VII religious discrimination claims fail because she cannot establish a *prima facie* case of (1) failure to accommodate a religious belief or practice, or (2) of disparate treatment.

3. With respect to her "failure to accommodate claim" Plaintiff cannot show that she was discharged or disciplined for failing to comply the Defendants' COVID vaccination policy, since Defendants provided Plaintiff with a reasonable accommodation, specifically a leave of absence which permitted her to continue her employment and maintain her health insurance ("LOA Plus"). Defendants offer of LOA Plus effectively resolved Plaintiff's religious conflict with the vaccine policy and thus reasonably accommodated Plaintiff's religious conflict. However, assuming for sake of argument that Plaintiff established a *prima facie* case, allowing Plaintiff to continue working unvaccinated would have created an undue hardship on Defendants' business operations, including but not limited to the safety risks to its employees of an unvaccinated co-worker, which is "substantial in the context of" the Defendants' business.

4. Plaintiff's religious discrimination claim under a disparate treatment analysis fails because she cannot show that she suffered an adverse action, was replaced by someone outside her protected class, or was treated differently than similarly situated employees. Further, even if Plaintiff could establish a *prima facie* case of discrimination, which she cannot, Defendants had legitimate, non-discriminatory reasons for its actions – namely, to mitigate the spread of COVID-19, and protect the community at large, including its own employees and there is no evidence that Defendants' reasons are a pretext for religious discrimination.

5. Plaintiff's claim under the Tennessee COVID Law fails, because she cannot establish a *prima facie* case because she has not sufficiently alleged and there is no proof that Defendants compelled her to provide "proof of vaccination" or that Defendants took adverse action against her to compel her to provide "proof of vaccination," following the enactment of the Tennessee COVID Law.

6. In support of their Motion for Summary Judgment, Defendants rely on their Memorandum in Support, Concise Statement of Material Facts Not in Dispute and the attached evidentiary materials filed contemporaneously as well.

This the 12th day of July 2023.

          Respectfully submitted,

          FISHER & PHILLIPS LLP

By: */s/ J. Gregory Grisham*
      J. Gregory Grisham (TN BPR#013810)
      1715 Aaron Brenner Drive, Suite 312
      Memphis, Tennessee 38120
      (901) 526-0431 Ph
      (901) 526-8183 Fax
      ggrisham@fisherphillips.com

*Attorney for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on this date, July 12, 2023 the foregoing *Memorandum in Support of Motion for Summary Judgment* was electronically filed with the Clerk of Court using the CM/ECF system which served the following individual:

Teresa A. Luna, Esquire
Spragins, Barnett, & Cobb, PLC
312 East Lafayette
Jackson, Tennessee 38301
tluna@spraginslaw.com
*Attorney for Plaintiff*

          */s/ J. Gregory Grisham*
          J. Gregory Grisham